1
2
3
4   **NOTE:  CHANGES MADE BY THE COURT**
5
6               UNITED STATES DISTRICT COURT
7               CENTRAL DISTRICT OF CALIFORNIA
8

9   FRANKIE DAVIS,                    |   Case No. 2:23-cv-09572
10             Plaintiff,
11        v.                              [PROPOSED] STIPULATED
                                          PROTECTIVE ORDER EXCEPT AS
12   CALIFORNIA DEPARTMENT OF             MODIFIED BY THE COURT
     CORRECTIONS AND
13   REHABILITATION, et al.,
14             Defendants.
15

16   1.     A. <u>PURPOSES AND LIMITATIONS</u>
17

18        Discovery in this action is likely to involve production of confidential,
19
20   proprietary, or private information for which special protection from public
21   disclosure and from use for any purpose other than prosecuting this litigation may
22   be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to
23   enter the following Stipulated Protective Order.  The parties acknowledge that this
24   Order does not confer blanket protections on all disclosures or responses to
25   discovery and that the protection it affords from public disclosure and use extends
26   only to the limited information or items that are entitled to confidential treatment
27   under the applicable legal principles.  The parties further acknowledge, as set forth
28   in Section 12.3 (Filing Protected Material), below, that this Stipulated Protective

1   Order does not entitle them to file confidential information under seal; Civil Local

2   Rule 79-5 sets forth the procedures that must be followed and the standards that will

3   be applied when a party seeks permission from the court to file material under seal.

4

5   B. <u>GOOD CAUSE STATEMENT</u>

6   This action is likely to involve confidential materials that implicate the

7   privacy rights of third parties, material that may negatively impact the institutional

8   security of the California Department of Corrections and Rehabilitation ("CDCR"),

9   material normally kept confidential by the parties, and material that is otherwise

10  protected from disclosure under state or federal statutes, court rules, case decisions,

11  or common law for which special protection from public disclosure and from use for

12  any purpose other than prosecution of this action is warranted.  Accordingly, to

13  expedite the flow of information, to facilitate the prompt resolution of disputes over

14  confidentiality of discovery materials, to adequately protect information the parties

15  are entitled to keep confidential, to ensure that the parties are permitted reasonable

16  necessary uses of such material in preparation for and in the conduct of trial, to

17  address their handling at the end of the litigation, and serve the ends of justice, a

18  protective order for such information is justified in this matter.  It is the intent of the

19  parties that information will not be designated as confidential for tactical reasons and

20  that nothing be so designated without a good faith belief that it has been maintained

21  in a confidential, non-public manner, and there is good cause why it should not be

22  part of the public record of this case.

23

24  2.   <u>DEFINITIONS</u>

25  2.1   <u>Action:</u>  this pending federal law suit.

26  2.2   <u>Challenging Party:</u>   a Party or Non-Party that challenges the

27  designation of information or items under this Order.

28  2.3   <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> Information or

Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection and includes confidential information that has not been made immediately available to the general public by Plaintiff, CDCR, or their agents, and constitutes or discloses information which threatens safety or security of a prison or individual.  "Attorneys" shall be limited to the counsel of record in this case and their support staff.

2.4    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection as confidential as stated in Section 2.3, but that may be disclosed to the parties in this action.

2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, made available for inspection, or generated in disclosures or responses to discovery in this matter.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, or who may testify as a non-retained expert.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party:  any natural person, partnership, corporation, association,

or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:   attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff. No inmate, former inmate, or relative of a Party shall qualify as support staff in this case.

2.12   Party:   any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13   Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.  Professional Vendors who visit any prison, must comply with the institution's rules and entry procedures, as well as any applicable portions of the Department Operations Manual and the California Code of Regulations.

2.15   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating

Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in depositions or in other pretrial or trial proceedings</u>, that the Designating Party identify the specific portions of the testimony as to which protection is sought within 14 days of a hearing where no court reporter was present, or, in the case of a proceeding where a court reporter is present, within 14 days of receipt of the transcript.  Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  ~~Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,~~

1   ~~unnecessary economic burdens, or a significant disruption or delay of the litigation,~~

2   ~~a Party does not waive its right to challenge a confidentiality designation by electing~~

3   ~~not to mount a challenge promptly after the original designation is disclosed.~~

4        6.2    Meet and Confer.  The Challenging Party Shall initiate the dispute

5   resolution under Civil Local Rule 37-1 et seq.  ~~by providing written notice to the~~

6   ~~Designating Party of each designation it is challenging and describing the basis for~~

7   ~~each challenge.  To avoid ambiguity as to whether a challenge has been made, the~~

8   ~~written notice must recite that the challenge to confidentiality is being made in~~

9   ~~accordance with this specific paragraph of the Order.  The parties shall attempt to~~

10  ~~resolve each challenge in good faith and must begin the process by conferring within~~

11  ~~14 days of the date of service of notice unless the Parties agree to confer on a later~~

12  ~~date.  In conferring, the Challenging Party must explain the basis for its belief that~~

13  ~~the confidentiality designation was not proper and must give the Designating Party~~

14  ~~an opportunity to review the designated material, to reconsider the circumstances,~~

15  ~~and, if no change in designation is offered, to explain the basis for the chosen~~

16  ~~designation.  A Challenging Party may proceed to the next stage of the challenge~~

17  ~~process only if it has engaged in this meet-and-confer process first or establishes~~

18  ~~that the Designating Party is unwilling to participate in the meet-and-confer process~~

19  ~~in a timely manner.~~  The burden of persuasion in any such challenge proceeding

20  shall be on the Designating Party.  Frivolous challenges, and those made for an

21  improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

22  other parties), may expose the Challenging Party to sanctions.   Unless the

23  Designating Party has waived or withdrawn the confidentiality designation, all

24  parties shall continue to afford the material in question the level of protection

25  to which it is entitled under the Producing Party's designation until the Court

26  rules on the challenge.

27       6.3  ~~Judicial Intervention.  If the Parties cannot resolve a challenge without~~

28  ~~court intervention, the Challenging Party may file and serve a motion challenging~~

the designation under Local Rules 79-6, within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is later. Upon such motion, the Designating Party may present the material to the Court for an in camera review to determine whether and to what extent such information must be disclosed. The Challenging Party may also challenge the designation through the Court's informal process for resolving discovery disputes, to the extent that it is available and the other parties are willing, and provided that a hearing through the informal process is set within the same time prescribed above for filing and serving a motion challenging the designation under Local Rule 79-6.

6.4   The burden of persuasion in any challenge made pursuant to ¶¶ 6.1-6.3 shall be on the Designating Party.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or items.  Counsel for the Receiving Party may not disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Plaintiff, members of Plaintiff's family, known friends or associates of Plaintiff,

any inmate or parolee, or the public.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be disclosed to:

(a) Any Party's Counsel in this action, as well as employees of the Party's Counsel to whom it is reasonably necessary to disclose the information for this litigation and the Party's insurer.  Staff employed by Counsel will not disclose any item or information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or make copies of any item or information so designated, except as necessary for this litigation.  Counsel is responsible for ensuring that their staff complies with this Order;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e) during their depositions, non-inmate or non-parolee witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court, and provided that the witness does not leave any deposition with copies of any Protected Material.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f) the author or recipient of the document in question or a custodian or other person who otherwise possessed or knew the information contained in it; and

(g) mediators, settlement officers, and their supporting personnel, mutually agreed on by the Parties engaged in settlement discussions.

7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>   Unless

otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action.  Staff employed by Counsel will not disclose any item or information designated "CONFIDENTIAL" or make copies of any item or information so designated, except as necessary for this litigation. Counsel is responsible for ensuring that their staff complies with this order;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed

deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j) the Parties in this action.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey

a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12.    MISCELLANEOUS

   12.1   <u>Right to Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   12.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   12.3   <u>Filing Protected Material.</u>  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

   12.4 <u>Access to Protected Material by Authorized Government Officials</u>. Nothing in this Order is intended to prevent officials or employees of the State of California, the California Department of Corrections and Rehabilitation, or other authorized government officials from having access to Protected Material to which they have access in the normal course of their official duties.

13.    FINAL DISPOSITION

   After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the

Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED _____

_____

Attorneys for Plaintiff

DATED:_____

_____

Attorneys for Defendants

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:_____

_____
Honorable Steve Kim
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND


I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury
that I have read in its entirety and understand the Stipulated Protective Order that
was issued by the United States District Court for the Central District of California
on [date] in the case of _____ **[insert formal name of the case and the
number and initials assigned to it by the court]**. I agree to comply with and to be
bound by all the terms of this Stipulated Protective Order, and I understand and
acknowledge that failure to so comply could expose me to sanctions and punishment
in the nature of contempt. I solemnly promise that I will not disclose in any manner
any information or item that is subject to this Stipulated Protective Order to any
person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court
for the Central District of California for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this action. I hereby appoint _____ [print
or type full name] of _____ [print or type
full address and telephone number] as my California agent for service of process in
connection with this action or any proceedings related to enforcement of this
Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____